09-5058-ag
Lin v. Holder

BIA
Balasquide, IJ
A095 716 793

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand eleven.

PRESENT:
        ROBERT A. KATZMANN,
        BARRINGTON D. PARKER,
        DEBRA ANN LIVINGSTON,
           *Circuit Judges.*

_____

JING JING LIN,
        *Petitioner*,

        v.                    09–5058–ag
                                   NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Thomas V. Massucci, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Franklin M. Johnson, Jr., Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jing Jing Lin, a native and citizen of the People's Republic of China, seeks review of a November 9, 2009 order of the BIA affirming the January 14, 2008 decision of Immigration Judge ("IJ") Javier Balasquide, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Jing Lin*, No. A095 716 793 (B.I.A. Nov. 9, 2009), *aff'g* No. A095 716 793 (Immigr. Ct. N.Y. City Jan. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ "without rejecting any of the IJ's grounds for decision," we review both the IJ's and the BIA's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

2

Substantial evidence supports the IJ's adverse credibility determination. The IJ's adverse credibility finding was based, in part, on several discrepancies among statements in Lin's testimony, written asylum application, and corroborating evidence. Specifically: (1) although Lin initially testified that she never told her mother about the incident in which she was sexually assaulted, Lin later testified that she told her mother following a suicide attempt, but then testified that she told her mother after an incident with her attacker's wife; (2) although Lin testified that she never went back to work after she was released from detention in January 2005, her asylum application provided that she continued to work until May 2005; (3) although Lin testified that police officers visited her mother after Lin was arrested, both Lin's asylum application and her mother's letter omitted that fact; (4) although Lin testified that she was introduced to the psychologist, who testified on her behalf, by an unknown person while she was inside a government building, a report submitted by the psychologist indicated that Lin was referred to him by her attorney; and (5) although Lin testified that she attempted suicide by trying to jump out of a window, the psychologist's report provided only that she thought about attempting suicide by jumping out of a window or

3

cutting herself. Because the IJ was entitled to rely on any discrepancy in finding Lin not credible, the IJ properly relied on these inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166 n.3.

Furthermore, the agency reasonably declined to credit Lin's explanations that: (1) her testimony was not inconsistent with regard to whether she told her mother about her sexual assault because she first mentioned it to her mother and then later elaborated on the incident; (2) her testimony was inconsistent with regard to her return to work because she forgot; and (3) she testified that she was introduced to the psychologist by an unknown person while she was in a government building because "[her] trauma has seriously compromised her ability to testify coherently." Pet'r's Br. at 15; *see also Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Because the IJ reasonably found Lin not credible, the IJ did not err in relying on the absence of medical reports or

4

evidence of her detention that would have corroborated her claim that she had suffered harm amounting to past persecution. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam) (stating that "[a]n applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). Furthermore, contrary to Lin's argument, the IJ reasonably gave diminished weight to the psychological evaluation based solely on Lin's own statements provided during a single interview. *Cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to a State Department published report relied upon by the applicant in immigration proceedings lies largely within the discretion of the agency).

Accordingly, considering the totality of the circumstances, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because the IJ reasonably concluded that Lin was not credible as to her claim of a well-founded fear of persecution, the adverse credibility determination in this case necessarily precludes success on her claims for

5

asylum, withholding of removal, and CAT relief, as those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
